# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA BATES,<br><br>  Plaintiff,<br><br> v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. 1:26-cv-04381-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

On June 8, 2026, Plaintiff Velma Bates, who is proceeding *pro se*, filed a complaint against the Social Security Administration.  (ECF No. 1.)  On July 1, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* with the notice that service would not be undertaken until the Court screened the complaint in due course.  (ECF No. 5.)  The Court now undertakes its screening of the complaint for subject-matter jurisdiction only.

## I.

## SCREENING REQUIREMENT

Because *pro se* plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally.  See Watson v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  But even *pro se* plaintiffs must adequately allege subject matter jurisdiction before their actions may proceed in federal court.  See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). The court has "an independent obligation to determine whether subject-matter jurisdiction exists,

even in the absence of a challenge from any party." Id.; see also Fed. R. Civ. P. 12. Accordingly, if the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.**

**COMPLAINT ALLEGATIONS**

In the complaint, Plaintiff indicated that the basis for the federal court's jurisdiction over her case is a federal question. (ECF No. 1, p. 3.) However, in response to which specific provisions of federal statutes, treaties, or provisions of the United States Constitution are at issue, Plaintiff states: "Provisions of the United States Constitution that are issue in this case proof of documents I have." (Id. at p. 4.) Plaintiff also appears to assert diversity of citizenship as an additional basis for jurisdiction. (Id. at p. 4.) Plaintiff states that she is an individual and a citizen of California, and that Defendant is both an individual and citizen of California, as well as a corporation with its principal place of business in California. (Id. at pp. 4-5.) With respect to the amount in controversy, Plaintiff states: "Social Security owes me since 2019 continue to owes me as of 2026 of these years I been putting and appeals!" (Id. at p. 5.) The Court observes that on the civil cover sheet, Plaintiff identified that the basis for subject-matter jurisdiction is "U.S. Government Plaintiff" and that both Plaintiff and Defendant are citizens of this state. (ECF No. 1-1.)

Plaintiff's relevant factual allegations are as follows:

> I am a total disable paraplegic[.] Social Security have not been giving me my full benefits, SSI or SSA[.] I put appeals and with Social Security Administration and years 2018 also appeals and years 2019 also appeals and years 2020 also appeals and year 2021 also appeals and year 2022 also appeals and year 2023[.] Regarding my Social Security Retirements benefits as well as my SSI benefits been taken away from my benefits being deducted from my SSI checks as well as my Social Security Retirement checks[.] I have proof of all my appeals that have not been h[e]ard[.] I reached out to the Social Security Administration Office and my county regarding my appeals and it been over some years and I have not got no responds[.] I am a total disabled paraplegic and I was told I can't not [sic] come back and my local

2

> office Social Security Administration and my county[.]  I have not violate my rights and my online account has been block threw my local office at Social Security Administration and Bakersfield California[.]

(ECF No. 1, pp. 5-6.)  For relief, Plaintiff states, "I Velma Bates claiming the amounts owes to me on my Social Security records I have not been giving my full benefits I been putting and appeals for 8yrs and have not be hand on any!"  (Id. at p. 7) (sic).

### III.

### DISCUSSION

On the face of the complaint, the Court is unable to ascertain whether it has subject-matter jurisdiction over this action.  Therefore, the complaint must be dismissed, but Plaintiff will be granted leave to file an amended complaint to clearly identify, through factual and legal allegations, a basis for subject-matter jurisdiction.  For Plaintiff's benefit, the Court discusses the subject-matter limitations in the federal district courts.

Federal courts are courts of limited jurisdiction.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party.  See id.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

Though Plaintiff has checked "Federal Question" jurisdiction on the complaint form, Plaintiff also provided information relevant to diversity jurisdiction and indicated on the civil cover sheet that the parties are both from the same state.  It is therefore unclear whether Plaintiff intends to assert federal question or diversity jurisdiction as the basis for this Court's subject matter jurisdiction.  Accordingly, the Court discusses both potential bases for jurisdiction and the requirements for each.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states.  See 28 U.S.C. § 1332.

For example, if a citizen of New York sues a citizen of California for $75,000.01, a federal court would have subject-matter jurisdiction to hear that claim. Here, Plaintiff does not allege that her claim exceeds $75,000 and more importantly, Plaintiff states that the parties are both from the same state. This is insufficient to establish diversity jurisdiction.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, Plaintiff does not identify any federal law under which her claims arise. Although Plaintiff alleges that Defendant has withheld her full benefits and that she is unable to access her online account, she does not identify any federal statute or constitutional provision supporting her claims. Accordingly, Plaintiff's complaint therefore does not confer federal question jurisdiction.

Ultimately, because Plaintiff's complaint does not establish a basis for subject matter jurisdiction, the complaint cannot proceed in its current form. The Court therefore dismisses the complaint with leave to amend.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff has failed to plead an adequate basis for the Court to have subject-matter jurisdiction over the action and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if she believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), and it should state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of federal or state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to

make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3.  The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **July 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5