# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA BATES,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 1:26-cv-04381-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

On June 8, 2026, Plaintiff Velma Bates, who is proceeding *pro se*, filed a complaint against the Social Security Administration. (ECF No. 1.) On July 1, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* with the notice that service would not be undertaken until the Court screened the complaint in due course. (ECF No. 5.) On July 10, 2026, the Court screened the complaint for subject-matter jurisdiction only and found that the complaint did not adequately demonstrate a basis for subject-matter jurisdiction. (ECF No. 6.) The Court gave Plaintiff leave to amend, and Plaintiff timely filed an amended complaint. (ECF No. 7.) The Court now undertakes the screening of the amended complaint, again for subject-matter jurisdiction only.

/ / /

/ / /

/ / /

## I.

## SCREENING REQUIREMENT

Because *pro se* plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally. See Watson v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). But even *pro se* plaintiffs must adequately allege subject matter jurisdiction before their actions may proceed in federal court. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see also Fed. R. Civ. P. 12. Accordingly, if the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

In the amended complaint, Plaintiff indicated that the basis for the federal court's jurisdiction over her case is a federal question. (ECF No. 1, pp. 3-4.) In response to which specific provisions of federal statutes, treaties, or provisions of the United States Constitution are at issue, Plaintiff stated: "I have being underpay. I have put and multiple hearing was never heard on any ones I put in for a hearing!" (Id. at p. 4.) Under her statement of claim, Plaintiff alleges that she is "entitled to [her] benefits due to [her] disability paralyzed disabled." (ECF No. 1, p. 5.) For relief, Plaintiff asks the Court to order the Social Security Administration to release her "full benefits by law that [she] should be receiving and all back pay that may be owe[d]." (Id. at p. 6.)

## III.

## DISCUSSION

On the face of the amended complaint, the Court is again unable to ascertain whether it has subject-matter jurisdiction over this action. Plaintiff's complaint is sparse on factual allegations and while Plaintiff identifies federal question jurisdiction as the basis for this action, the complaint

does not identify any federal law under which her claims arise. Furthermore, although Plaintiff lists the Social Security Administration as a defendant, that reference alone does not confer federal question jurisdiction. Therefore, the Court must dismiss the complaint but will give Plaintiff a **final opportunity** to amend her complaint in order to file a second amended complaint that clearly indicates, through factual and legal allegations, a basis for subject-matter jurisdiction. For Plaintiff's benefit, the Court once more discusses the subject-matter limitations in the federal district courts.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts may adjudicate only cases over which the Constitution or Congress have conferred jurisdiction, including cases arising under diversity of citizenship (where the parties are from diverse states) and federal question. See id. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

Because Plaintiff has checked "Federal Question" jurisdiction on the complaint form, the Court reiterates the bases for federal question jurisdiction. Federal question jurisdiction permits an individual to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, it is not readily apparent from the complaint under which federal statutes Plaintiff's allegations arise. Accordingly, Plaintiff's complaint does not confer federal question jurisdiction.

Ultimately, because Plaintiff's complaint does not establish a basis for subject matter jurisdiction, the complaint cannot proceed in its current form. The Court therefore dismisses the complaint with leave to amend.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, Plaintiff has failed to plead an adequate basis for the Court to have subject-matter jurisdiction over the action, and the Court will grant Plaintiff a **final**

**opportunity** to file an amended complaint to cure the deficiencies identified in this order, if she believes she can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file a second amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), and it should state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of federal or state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;
3. The second amended complaint, including attachments, **shall not exceed twenty-five (25) pages in length**; and
4. If an artificial intelligence ("AI") program was used in drafting the amended complaint, Plaintiff shall certify, under penalty of perjury, that Plaintiff used AI and has checked the citations to all cases, statutes, and other precedent, and that each citation exists and appropriately stands for the proposition Plaintiff makes;
5. If AI was not used in drafting the amended complaint, Plaintiff shall certify, under penalty of perjury, that Plaintiff did not use AI;
6. Should Plaintiff fail to certify regarding the use of AI *(i.e.*, either that Plaintiff did use AI or that Plaintiff did not use AI), **the Court will strike the amended complaint**;

7. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated: **October 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge